IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF WEST VIRGINIA

ANTHONY L. DAVIS,

        Petitioner,

v.　　　　　　　　　　　　　　　　　　　Civil Action No. 2:17cv120
　　　　　　　　　　　　　　　　　　　　(Judge Bailey)

WARDEN JOE COAKLEY,

        Respondent.

## REPORT AND RECOMMENDATION

### I.  Introduction

On September 20, 2017, the *pro se* petitioner initiated this case by filing a Petition Under 28 U.S.C. § 2254 for Writ of Habeas Corpus by a Person in State Custody in which he challenges a conviction and sentence imposed in the Superior Court of the District of Columbia ("D.C. Superior Court").  Specifically, the petitioner alleges that he is entitled to § 2254 relief in this Court because he is actually and factually innocent of his conviction, and the "abuse of writ" doctrine is not applicable. The petitioner paid the $5 filing fee when he filed his petition. Therefore, this matter is now before the undersigned for a report and recommendation pursuant to LR PL P 2, *et* seq.

### II. Conviction and Sentence[1]

On April 26, 1994, the petitioner was charged with one count each of First Degree Murder While Armed in violation of D.C. Code §§ 22-2401 and 22-3202, Possession of a Firearm During a Crime of Violence in violation of D.C. Code § 22-3204(b), and Carrying a Pistol Without a License in violation of D.C. Code § 22-3204(a). On June 16, 1995, the petitioner and two co-

---

[1]The history of the petitioner's conviction is taken from an Order entered by the Superior Court of the District of Columbia which the petitioner attached as an exhibit. See ECF No. 2-8.

defendants went to trial. On July 7, 1995, the court declared a mistrial after the jury was unable to reach a unanimous verdict. At the time the court declared the mistrial, the petitioner was the sole defendant who had not pleaded guilty.

On October 11, 1995, the petitioner again was charged with one count each of First Degree Murder While Armed, Possession of a Firearm During a Crime of Violence, and Carrying a Pistol Without a License. The petitioner's second trial began on February 5, 1996, and on February 12, 1996, the jury convicted the petitioner of all three counts. He was subssequenly sentenced to a term of 30 years to life.[2]  On December 31, 1996, the petitioner filed a motion for a new trial based on newly discovered evidence. More specifically, the motion centered on the retraction of testimony by a government witness. The motion was denied on June 1, 1998, and the Petitioner subsequently appealed.

On February 28, 2000, the petitioner filed a second Motion for a New Trial under D.C. Code Section 23-110 and Sup. Ct. R. Crim. Pro 33, and on March 1, 2001, filed an Addendum to the Motion. On September 7, 2001, the Court denied the petitioner's motion, and he appealed. The District of Columbia Court of Appeals affirmed the decisions entered by D.C. Superior Court on June 1, 1998, and September 7, 2001.

On March 22, 2007, the petitioner filed a *pro se* § 23-110 motion. The court denied that motion as procedurally barred because it raised the same claims as the previous § 23-110 motion. This denial was subsequently affirmed.

The petitioner filed subsequent § 23-110 motions on February 28, 2000 and March 22, 2007, which were denied on September 1, 2001 and April 6, 2007, respectively. As well, the Court denied

---

[2]The Bureau of Prisons website indicates that the petitioner's "release" date is life.

the petitioner's § 22-110 Motion filed on January 7, 2009 on the basis that it raised the same claims as his earlier § 23-110 motions.

On March 13, 2015, the petitioner filed a *pro se* pleading styled "EVIDENTIARY INQUIRY Jencks Act, U.S.C. § 3500, an "ADDENDUM TO MOTION FOR NEW TRIAL (EVIDENTIARY INQUIRY), filed April 10, 2015, and "MOTION/REQUEST FOR APPELLANT, Anthony L. Davis, TO STRIKE THE BRIEF OF APPELLEE, THE UNITED STATES OF AMERICA" filed June 16, 2015, which the Court construed as a motion to vacate conviction and sentence pursuant to D.C. Code § 23-110. The Court found that this motion was a successive § 23-110 motion. The Court then cited D.C. Code § 22-4135(g)(h), which provides that "the court shall not be required to entertain a second or successive motion for similar relief on behalf of the same movant." The Court then found that in this final motion and addendum, the petitioner set forth arguments as to why a new trial should be granted or his conviction vacated that were identical to those in his previous motions. Moreover, the Court found that any new claim he purported to make was procedurally barred for failure to raise it in his earlier § 23-110 motions. In conclusion, the Court found that the petitioner was barred from raising his claims as successive motions for similar relief, and the ends of justice did not require his claims to be considered anew. Accordingly, this final § 23-110 was denied on September 15, 2015. Thereafter, the petitioner filed a Notice of Appeal, and the Court of Appeals affirmed this decision on February 8, 2017, and the mandate issued on March 2, 2017.[3]

### III. Claims of Petition

The petitioner raises one ground for relief. In particular, he alleges that he has been denied

---

[3]See https://www.dcourts.gov/court-of-appeals/e-filing-search.

his Fifth and Fourteenth Amendment rights to a fair trial because the prosecuting attorney did not turn over Jenks material of his primary witness despite later admitting to having it after he initially claimed that it did not. The petitioner maintains that there is government evidence after trial that reveals that this witness identified someone other than [the petitioner] as the perpetrator.

## IV. Standard of Review

Pursuant to the provisions of 28 U.S.C. § 636(b)(1)(B) and this Court's local rules, the undersigned is authorized to review such petitions for relief and submit findings and recommendations to the District Court. This Court is charged with screening Petitioner's case to determine if "it plainly appears from the petition and any attached exhibits that the petitioner is not entitled to relief in the district court." Rule 4, Rules Governing Section 2254 Cases in the U.S. District Courts (2014); see also Rule 1(b) Rules Governing Section 2254 Cases in the U.S. District Courts (2014) (a district court may apply these rules to a habeas corpus petition not filed pursuant to § 2254). As a *pro se* litigant, the Petitioner's pleadings are accorded liberal construction and held to less stringent standard than formal pleadings drafted by attorneys. See Erickson v. Pardus, 551 U.S. 89, 93-94 (2007) (per curiam). However, even under this less stringent standard, the petition in this case is subject to summary dismissal. The requirement of liberal construction does not mean that the Court can ignore a clear failure to allege facts which set forth a claim cognizable in a federal district court. See Weller v. Dep't of Social Servs., 901 F.2d 387 (4th Cir. 1990). As discussed more fully below, the Petitioner clearly is not entitled to relief under 28 U.S.C. § 2241, and therefore, no response has been required of Respondent.

## V. Analysis

It is well-established that for purposes of federal habeas law, convictions in the District of

Columbia Superior Court for offenses under the D.C. Criminal Code, are considered "state" convictions. Garris v. Lindsay, 794 F.2d 722 (D.C. Cir.), cert. denied, 479 U.S. 993 (1986) (citing, inter alia, Swain v. Pressley, 430 U.S. 372 (1977)). However, D.C. Code § 23-110 clearly prohibits a prisoner convicted in the D.C. Superior Court from pursuing federal habeas relief if he has "failed to make a motion for relief under this section or that the Superior Court has denied him relief, unless it also appears that the remedy by motion is inadequate or ineffective to test the legality of his detention." D.C. St. § 23-110(g).

In Swain v. Pressley, the United States Supreme Court found that D.C. prisoners, unlike other state prisoners, could not utilize § 2254 to challenge the validity of a conviction and sentence without first showing that § 23-110 was inadequate or ineffective. Swain, supra (finding that § 23-110 divests federal courts of jurisdiction over such claims without a showing that the remedy under §23-110 is inadequate or ineffective). Moreover, to gain recourse in a federal judicial forum, a D.C. prisoner cannot simply rely on an unsuccessful attempt to obtain relief under § 23-110 as a basis for federal habeas relief. See Garris v. Lindsay, 794 F.2d at 726; Swain v. Pressley, 430 U.S. 377-378. In other words, § 23-110 is an exclusive remedy that precludes federal habeas review unless found to be inadequate or ineffective. Blair-Bey v. Quick, 151 F.3d 1036, 1042 (D.C. Cir. 1998).[4]

To show that the remedy under § 23-110 is inadequate or ineffective, the inmate must show that "it is so configured as to deny a convicted defendant *any* opportunity for judicial rectification of so fundamental a defect in his conviction as having been imprisoned for a nonexistent offense." In re Smith, 285 F.3d 6, 8 (D.C. Cir. 2002) (quoting In re Davenport, 147 F.3d 605, 611 (7th Cir.

---

[4] Compare to other state prisoners who can obtain federal habeas review simply by properly exhausting their state court remedies and timely filing a habeas petition. Garris v. Lindsay, 794 F.2d at 726.

1998) (emphasis in original). "It is the inefficacy of the remedy, not a personal inability to utilize it, that is determinative . . ." Garris, 794 F.2d at 727; see also David v. Bragg, 1991 WL 21563, at *3 (D.D.C. Feb. 14, 1991)("[T]he focus is on the efficacy of the remedy itself, and a federal court will therefore have jurisdiction only in extraordinary cases, especially given the similarity between D.C. and federal habeas remedies.").

Here, the petitioner has filed not one, but four motions under § 23-110. The D.C. Circuit Court of Appeals reviewed those petitions pursuant to the authority outlined in § 23-110, and affirmed the Superior Court's ruling. Therefore, the petitioner has received the benefit of collateral review by courts with the constitutional authority to grant the relief sought by the petitioner. His dissatisfaction with the results of such review does not make the remedial process inadequate or ineffective. Pursuant to the prohibition of D.C. Code § 23-110(g), this Court is precluded on jurisdictional grounds from entertaining this petition. See Pack v. Yusuff, 218 F.3d 448, 452 (5th Cir. 2000) (stating, in the analogous context of 28 U.S.C. § 2255, that "[t]his Court and other Courts of Appeals have consistently noted that a prior unsuccessful [section] 2255 motion is insufficient, in and of itself, to show the inadequacy or ineffectiveness of the remedy")(internal quotations omitted); Perkins v. Henderson, 881 F.Supp. 55, 59 n. 5 (D.D.C. 1995) ("A petitioner may not complain that the remedies provided him by ...§ 23-110 are inadequate merely because he was unsuccessful when he invoked them).

Here, the petitioner has failed to show that the remedy under § 23-110 was inadequate or ineffective. Instead, the petitioner merely asks this Court to examine issues previously denied by the District of Columbia Courts upon § 23-110 review. The petitioner does not allege that he was denied any opportunity for judicial rectification, only that he disagrees with the District of Columbia's disposition of his case. Such an argument is insufficient to show that his proceedings

under § 23-110 were inadequate or ineffective. Moreover, the petitioner's claim in the instant case does not rise to the level of a fundamental defect showing that he was convicted of a nonexistent offense. Thus, the federal Courts are without jurisdiction to hear the petitioner's claims under § 2254 and it would be futile to transfer this case to the United States District Court for the District of Columbia.[5]

### III.  Recommendation

For the reasons stated in this opinion, it is recommended that the petitioner's Motion to Vacate, Set Aside, or Correct Sentence pursuant to 28 U.S.C. § 2254 (Dckt. 1) be **DENIED** and **DISMISSED WITH PREJUDICE**.

Within fourteen (14) days after being served with a copy of this recommendation, any party may file with the Clerk of Court written objections identifying those portions of the recommendation to which objection is made and the basis for such objections. A copy of any objections should also be submitted to the Honorable John Preston Bailey, United States District Judge for the Northern District of West Virginia. Failure to timely file objections to this recommendation will result in waiver of the right to appeal from a judgment of this Court based upon such recommendation. See 28 U.S.C. § 636(b)(1); Thomas v. Arn, 474 U.S. 140 (1985); Wright v. Collins, 766 F.2d 841 (4th Cir. 1985); United States v. Schronce, 727 F.2d 91 (4th Cir. 1984).

The Clerk is directed to send a copy of this Report and Recommendation to the *pro se* petitioner by certified mail, return receipt requested, to his last known address as reflected on the docket sheet. Furthermore, because this Report and Recommendation completes thhe referra; from

---

[5] See Lyons v. Federal Bureau of Prisons, 2005 WL 3211417 (D.D.C. Nov. 14, 2005) (also concluding that D.C. Code § 23-110(g) divests the district courts of jurisdiction over a § 2254 petition filed by a person under a sentence of the D.C. Superior Court where the petitioner has failed to show that the remedy under § 23-110 was inadequate or ineffective to test the legality of the detention).

the District Court, the Clerk is **DIRECTED** to terminate the Magistrate Judge association with this case.

DATED: October 17, 2017.

                                                  /s/ *James E. Seibert*
                                                JAMES E. SEIBERT
                                                UNITED STATES MAGISTRATE JUDGE