**IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF WEST VIRGINIA
ELKINS**

**ANTHONY L. DAVIS,**

    Petitioner,

v.                                    **CIVIL ACTION NO. 2:17-CV-120
(BAILEY)**

**WARDEN JOE COAKLEY,**

    Respondent.

**ORDER ADOPTING REPORT AND RECOMMENDATION**

On this day, the above-styled matter came before this Court for consideration of the Report and Recommendation of United States Magistrate Judge James E. Seibert [Doc. 8]. Pursuant to this Court's Local Rules, this action was referred to Magistrate Judge Seibert for submission of a proposed report and a recommendation ("R&R"). Magistrate Judge Seibert filed his R&R on October 17, 2017, wherein he recommends this Court dismiss the petitioner's § 2254 petition with prejudice.

**I.**    **Standard of Review**

Pursuant to 28 U.S.C. § 636(b)(1)(c), this Court is required to make a *de novo* review of those portions of the magistrate judge's findings to which objection is made. However, the Court is not required to review, under a *de novo* or any other standard, the factual or legal conclusions of the magistrate judge as to those portions of the findings or recommendation to which no objections are addressed. ***Thomas v. Arn***, 474 U.S. 140,

150 (1985).  In addition, failure to file timely objections constitutes a waiver of *de novo* review and the right to appeal this Court's Order.  28 U.S.C. § 636(b)(1); ***Snyder v. Ridenour***, 889 F.2d 1363, 1366 (4th Cir. 1989); ***United States v. Schronce***, 727 F.2d 91, 94 (4th Cir. 1984).  Here, objections to Magistrate Judge Seibert's R&R were due within fourteen (14) days of receipt, pursuant to 28 U.S.C. § 636(b)(1) and Fed.R.Civ.P. 72(b).  Petitioner filed objections on November 7, 2017 [Doc. 10].  Accordingly, this Court will review the portions of the R&R to which objections were filed under a *de novo* standard of review.  The remainder will be reviewed for clear error.

## II.     Factual and Procedural History

In 1995, petitioner Davis was found guilty by a jury in the Superior Court of the District of Columbia of First Degree Murder While Armed, Possession of a Firearm During a Crime of Violence, and Carrying a Pistol Without a License.  He was then sentenced to a term of 30 years to life imprisonment.  Since then, petitioner has filed two motions for a new trial, which were denied and affirmed on appeal, and several § 23-110 motions, which were denied and affirmed on appeal.  Petitioner now raises the instant Petition Under 28 U.S.C. § 2254, wherein he alleges that he has been denied his Fifth and Fourteenth Amendment rights to a fair trial because the prosecuting attorney did not turn over Jencks material of his primary witness despite her later admitting to having it after he initially claimed that it did not.

## III.    Discussion

This particular § 2254 is a different breed than most because convictions in the District of Columbia Superior Court for offenses under the D.C. Criminal Code are

considered "state" convictions. *Garris v. Lindsay*, 794 F.2d 722 (D.C. Cir.), *cert. denied*, 479 U.S. 993 (1986) (citing *Swain v. Pressley*, 430 U.S. 372 (1977)). D.C. Code § 23-110, however, prohibits a prisoner convicted in the D.C. Superior Court from pursuing federal habeas relief if he has "failed to make a motion for relief under this section or that the Superior Court has denied him relief, unless it also appears that the remedy by motion is inadequate or ineffective to test the legality of his detention." D.C. St. § 23-110(g).

In *Swain v. Pressley*, the United States Supreme Court found that D.C. prisoners, unlike other state prisoners, could not utilize § 2254 to challenge the validity of a conviction and sentence without first showing that § 23-110 was inadequate or ineffective. *Swain*, *supra* (finding that § 23-110 divests federal courts of jurisdiction over such claims without a showing that the remedy under § 23-110 is inadequate or ineffective). Moreover, to gain recourse in a federal judicial forum, a D.C. prisoner cannot simply rely on an unsuccessful attempt to obtain relief under § 23-110 as a basis for federal habeas relief. *See Garris v. Lindsay*, 794 F.2d at 726.

In effect, § 23-110 is an exclusive remedy that precludes federal habeas review unless found to be inadequate or ineffective. *Blair-Bey v. Quick*, 151 F.3d 1036, 1042 (D.C. Cir. 1998). In order to show that the remedy under § 23-110 is inadequate or ineffective, the inmate must meet a high burden of showing that "it is so configured as to deny a convicted defendant *any* opportunity for judicial rectification of so fundamental a defect in his conviction as having been imprisoned for a nonexistent offense." *In re Smith*, 285 F.3d 6, 8 (D.C. Cir. 2002) (quoting *In re Davenport*, 147 F.3d 605, 611 (7th Cir. 1998) (emphasis in original). "It is the inefficacy of the remedy, not a personal inability to utilize

3

it, that is determinative . . ..." *Garris*, 794 F.2d at 727; see also *David v. Bragg*, 1991 WL 21563, at *3 (D.D.C. Feb. 14, 1991)("[T]he focus is on the efficacy of the remedy itself, and a federal court will therefore have jurisdiction only in extraordinary cases, especially given the similarity between D.C. and federal habeas remedies.").

As mentioned above, petitioner has filed four motions under § 23-110. The D.C. Circuit Court of Appeals reviewed those petitions pursuant to the authority outlined in § 23-110, and affirmed the Superior Court's ruling. Therefore, as stated in the R&R, the petitioner has received the benefit of collateral review by courts with the constitutional authority to grant the relief sought by the petitioner. Similarly, petitioner's objections [Doc. 10] simply rehash that which the R&R has recognized as this petition's shortcomings; that is, "his dissatisfaction with the results of such review do[] not make the remedial process inadequate or ineffective." [Doc. 8 at 8].

Pursuant to the prohibition of § 23-110(g), this Court is simply precluded on jurisdictional grounds from entertaining this petition. See *Pack v. Yusuff*, 218 F.3d 448, 452 (5th Cir. 2000) (stating, in the analogous context of 28 U.S.C. § 2255, that "[t]his Court and other Courts of Appeals have consistently noted that a prior unsuccessful [section] 2255 motion is insufficient, in and of itself, to show the inadequacy or ineffectiveness of the remedy")(internal quotations omitted); *Perkins v. Henderson*, 881 F.Supp. 55, 59 n. 5 (D.D.C. 1995) ("A petitioner may not complain that the remedies provided him by . . . § 23-110 are inadequate merely because he was unsuccessful when he invoked them.").

In his Objections [Doc. 10], the petitioner continues to fail to show that the remedy under § 23-110 was inadequate or ineffective. Instead, the petitioner merely asks this

4

Court to examine issues previously denied by the D.C. Courts upon § 23-110 review. The petitioner simply disagrees with the disposition of his case. Such an argument is insufficient to show that his proceedings under § 23-110 were inadequate or ineffective.

## IV.     Conclusion

Upon careful review of the above, it is the opinion of this Court that the **Report and Recommendation [Doc. 8]** should be, and is, hereby **ORDERED ADOPTED** for the reasons more fully stated in the magistrate judge's report. The petitioner's Objections **[Doc. 10]** are **OVERRULED**. Accordingly, this Court **ORDERS** that the § 2254 petition **[Doc. 1]** be **DISMISSED WITH PREJUDICE**. This Court further **DIRECTS** the Clerk to enter judgment in favor of the respondent and to **STRIKE** this case from the active docket of this Court.

As a final matter, upon an independent review of the record, this Court hereby **DENIES** a certificate of appealability, finding that Mr. Davis has failed to make "a substantial showing of the denial of a constitutional right." 28 U.S.C. § 2253(c)(2).

It is so **ORDERED**.

The Clerk is directed to transmit copies of this Order to any counsel of record and to mail a copy to the *pro se* petitioner.

**DATED:** December 14, 2017.

JOHN PRESTON BAILEY
UNITED STATES DISTRICT JUDGE